**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5232**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

WAYNE REGINAL DAVIS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (3:08-cr-00262-JRS-1)

Submitted:  August 27, 2009        Decided:  September 15, 2009

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Reginal Davis appeals his convictions and ninety-three month sentence for possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime. Davis's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the evidence was sufficient to support the jury's verdicts and whether the district court abused its discretion by rejecting Davis's proposed jury instruction. Although advised of his right to file a supplemental pro se brief, Davis has not done so. For the reasons that follow, we affirm.

This court "must uphold a jury verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it." United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Further, both direct and circumstantial evidence are considered, and the government is permitted "all reasonable inferences that could be drawn in its favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir.

2008).    The defendant "must carry an imposing burden to successfully challenge the sufficiency of the evidence."  United States v. Martin, 523 F.3d 281, 288 (4th Cir.), cert. denied, 129 S. Ct. 238 (2008).

To convict a defendant of possession with the intent to distribute, the government must prove possession of a narcotic controlled substance, knowledge of the possession, and the intent to distribute.  United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005).  Intent to distribute may be inferred if the amount of drugs found exceeds an amount normally associated with personal consumption.  United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993).  Another relevant factor is the packaging of the drugs.  See Collins, 412 F.3d at 519.

Davis's counsel relies upon United States v. Fountain, 993 F.2d 1136 (4th Cir. 1993), where this court reversed a conviction for possession of marijuana with the intent to distribute, finding the evidence of intent to distribute insufficient.  There, the police found on Fountain's person three small bags of marijuana, totaling 2.3 grams and valued between $15 and $60, and two guns.  Id. at 1138.  On these facts, this court held that the government did not adequately prove that Fountain possessed the drug for distribution purposes.  Id. at 1139.  In contrast, Davis was caught with thirty-three individual packages of the drug, with an estimated

3

value of $330. Based upon the quantity, value, and packaging of the cocaine base in Davis's possession, the jury was entitled to find that he possessed the drug with the intent to distribute.

To sustain a conviction for possessing a firearm in furtherance of a drug trafficking crime, the prosecution had to prove beyond a reasonable doubt that Davis used, carried, or possessed a firearm in furtherance of a drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A) (2006). The government must "present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks omitted). Ways that a firearm can further or advance drug trafficking include "provid[ing] a defense against someone trying to steal drugs or drug profits, or . . . lessen[ing] the chance that a robbery would even be attempted." Id. Factors that might lead a fact-finder to conclude that a connection existed between a defendant's possession of a firearm and his drug trafficking activity include the accessibility of the firearm, whether the gun is loaded, and the gun's proximity to drugs. Id.

Davis's gun was in his waistband and fully loaded, with a bullet in the chamber. It was thus easily accessible, close to the drugs, and prepared for immediate use. This evidence was clearly sufficient to permit the jury to find that

4

Davis carried the gun "in furtherance" of his drug trafficking crime.

Last, we address the district court's rejection of Davis's proposed jury instruction. Decisions on whether to give an instruction and the content of such instruction are reviewed for an abuse of discretion. See United States v. Ellis, 121 F.3d 908, 923 (4th Cir. 1997). Rejecting a proposed jury instruction is reversible error only if the requested instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Frazier-El, 204 F.3d 553, 562 (4th Cir. 2000) (internal citation and quotation marks omitted).

To prove that Davis possessed the firearm in furtherance of a drug trafficking crime, the government had to "present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." See Lomax, 293 F.3d at 705. "Although this requirement is not satisfied if the presence is 'the result of accident or coincidence . . . it is enough for § 924(c)(1) purposes if the firearm was present for protection or to embolden the actor.'" United States v. Reid, 523 F.3d 310, 318 (4th Cir.), cert.

denied, 129 S. Ct. 663 (2008) (quoting United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000)). Thus, instructing the jury that "[t]he mere possession of the firearm at the scene of the crime is not sufficient," as Davis sought to do, would not convey a complete portrait of the legal landscape on this issue, because mere possession of a firearm while committing a drug trafficking crime can be sufficient, if the possession is for protection or to embolden the actor. Therefore, the district court did not abuse its discretion by rejecting the proposed instruction.

In accordance with Anders, we have examined the entire record in this case and found no meritorious issues for review. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED